UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

_____
                                    )
ENIA D. SAMPAIO,                    )
                                    )
              Plaintiff,            )
v.                                  )   Civil Action No. 12-11759
                                    )
WELLS FARGO BANK, N.A.,             )
                                    )
              Defendant.            )
_____ )

NOTICE OF REMOVAL

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by their undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the removal to this Court of the civil action commenced in the Essex County Superior Court (Massachusetts) identified below.  Wells Fargo denies the allegations contained in the state court pleadings and file this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.  In support of this removal, Wells Fargo states as follows:

I.    The Action.

Wells Fargo has been served with an Attested Complaint (the "Complaint") filed by Plaintiff in the Massachusetts Superior Court for Essex County.  The case is entitled Enia D. Sampaio v. Wells Fargo Bank, N.A. (the "Action").  Plaintiff Enia D. Sampaio ("Plaintiff") delivered a copy of the Complaint to Wells Fargo's registered agent for service, Corporation Service Company, on August 27, 2012.  A copy of the Complaint (as delivered) is attached hereto as Exhibit A.  Removal is timely because this removal is filed within 30 days of the date that it was delivered to Wells Fargo.

II. <u>Pleadings And Notice To State Court.</u>

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders and proceedings from the Essex County Superior Court will be filed with this Court.  Contemporaneous with the filing of this Notice, Wells Fargo has given notice to Plaintiff and will notify the Essex County Superior Court of this Removal.

III. <u>Statement Of Statutory Basis For Jurisdiction.</u>

    A. <u>This Court Has Jurisdiction Under 28 U.S.C. § 1331 (Federal Question).</u>

The action is within the original jurisdiction of the District Court under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff alleges in his Complaint that Wells Fargo violated the Home Affordable Modification Program ("<u>HAMP</u>").  Compl. ¶¶ 9-13.  Specifically, Plaintiff alleges that Wells Fargo has refused to honor a HAMP loan modification.  HAMP, created by Congress under the Emergency Economic Stabilization Act of 2008, is governed by guidelines set forth by Fannie Mae and the United States Department of the Treasury.  HAMP is a federal program.  Thus, this court has original jurisdiction over the HAMP-related claims in the Complaint.

    B. <u>This Court Has Jurisdiction Under 28 U.S.C. § 1332 (Diversity).</u>

This action is also within the original jurisdiction of the District Court under 28 U.S.C. § 1332, which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."  28 U.S.C. § 1332(a)(1).  This Action satisfies both of these statutory requirements.

> *i.* *The Parties Are Citizens Of Different States.*

Plaintiff alleges that she is a resident of Peabody, Massachusetts. Compl. ¶ 1. Plaintiff alleges that Wells Fargo is an Iowa corporation. Compl. ¶ 2. Plaintiff's allegations that he is a citizen of Massachusetts and that Wells Fargo is an Iowa corporation establishes complete diversity under 28 U.S.C. § 1332.

> *ii.* *The Amount In Controversy Exceeds $75,000.*

In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiff seeks to recover, or the financial impact the relief sought would have on the Defendant. See Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). (The amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."); see also Dept. of Recreation & Sports v. World Boxing, 942 F.2d 84, 90 (1st Cir. 1991). When equitable relief is sought, "the amount-in-controversy is 'measured by the value of the object of the litigation.'" Aliberti v. GMAC Mortg., LLC, 779 F. Supp. 2d 242, 245 (D. Mass. 2011) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). "In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity." Morse v. Residential Credit Solutions, Inc., slip opinion, 2012 WL 458492 (D.Mass. February 13, 2012) citing Bedard v. Mortgage Electronic Registration Systems, Inc., 2011 WL 1792738, at *2-3 (D. N.H. May 11, 2011); see also Roper v. Saxon Mortgage Services, 2009 WL 1259193, at *2 (N.D. GA. May 5, 2009) (where "plaintiff seeks injunctive relief barring the foreclosure sale on the property at issue, the value of the property determines the financial value at stake."). In the Complaint, Plaintiff seeks injunctive relief to stop Wells Fargo from evicting him from the Property. See Compl. at

"Wherefore" clause (p. 3).  Central to the dispute in this case is Plaintiff's challenge to Wells Fargo's ability to foreclosure on the Property under a $308,800 mortgage.  See Exhibit A, Mortgage.  Plaintiff argues that Wells Fargo may not foreclose because of a pre-existing loan modification that she alleges to have entered into.  See Compl. ¶¶ 12-17.  Plaintiff seeks, not only to enjoin Wells Fargo from enforcing mortgage, but also to invalidate the mortgage under various Massachusetts statutes.  See Compl. ¶¶ 18-20.  As the claims in this case seek to enjoin the foreclosure, the amount in controversy includes the "fair market value of the property."  Morse, 2012 WL 458492.  Based upon the $308,800 mortgage, the property value is greater than $75,000.  Therefore, the amount in controversy requirement of 28 U.S.C. § 1332 is met.

    C.    This Court Has Supplemental Jurisdiction Under 28 U.S.C. § 1367.

This Court also has supplemental jurisdiction over Plaintiff's state law claims.  Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy..."  In this case, Plaintiff's state law claims relate directly to the same disputed foreclosure sale and loan modification review under HAMP that forms the basis of his federal law claim.  Accordingly, the state law claims are directly related to the HAMP-based claims and form a part of the same controversy alleged in the Complaint.

IV.    Conclusion.

Wells Fargo respectfully requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the Essex County Superior Court.  To the extent that Plaintiff challenges this removal, Wells Fargo respectfully requests the opportunity to brief and argue before this Court any issues or questions regarding this Court's jurisdiction.

Defendant,
Wells Fargo Bank, N.A.,
by its attorneys,

*/s/ Sean R. Higgins*
Sean R. Higgins (BBO# 659105)
sean.higgins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
p. (617) 573-4700
f. (617) 573-4710

Dated: September 21, 2012

CERTIFICATE OF SERVICE

I, Sean R. Higgins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: September 21, 2012     */s/ Sean R. Higgins*